IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-51080
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHRISTOPHER LANCE PICKENS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-47-1

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Christopher Lance Pickens appeals his sentence following his guilty plea conviction for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). Pickens argues that the district court's determination of the amount of crack cocaine attributable to him was clearly erroneous because it was not based on information having a sufficient indicia of reliability and because the district court failed to articulate its reasons for

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accepting the sentencing-hearing testimony of a witness, over the witness's prior statement to police.

A district court's calculation of the quantity of drugs involved in an offense is a factual finding that is entitled to considerable deference, see United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005), and will be reversed only if clearly erroneous. Id.; see also United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. Betancourt, 422 F.3d at 246. When calculating the total drug amounts attributable to a defendant through his course of conduct, direct evidence is unnecessary. Id. Drug estimates may be calculated based on extrapolating from "any information that has sufficient indicia of reliability to support its probable accuracy . . . even hearsay." United States v. Valdez, 453 F.3d 252, 267 (5th Cir. 2006)(internal quotation marks and citation omitted).

According to the Presentence Investigation Report (PSR), a witness told investigators that he sold one to two ounces of crack cocaine to Pickens every day for about two and a half to three months; at sentencing, he testified that he sold Pickens about one and half to two ounces of crack cocaine every other day for about three months. The district court acknowledged the inconsistencies and held Pickens responsible for the lesser amount of drugs based on the witness's testimony.

A witness's inconsistent statements do not lack a sufficient indicia of reliability per se, although inconsistent statements do raise a credibility question. See United States v. Ramirez, 963 F.2d 693, 708 (5th Cir. 1992). However, it is within the province of the district court to determine the credibility of witnesses. See United States v. Ocana, 204 F.3d 585, 593 (5th Cir. 2000).

Because the evidence relied on by the district court had a sufficient indicia of reliability, and because the district court's factual finding regarding the amount of drugs attributable to Pickens is plausible in light of the record as a

whole, see Betancourt, 422 F.3d at 246, the judgment of the district court is AFFIRMED.